*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0383**

Curtis Anderson,
Appellant,

vs.

Bradly J. Donabauer, et al.,
Respondents.

**Filed December 22, 2014
Affirmed
Smith, Judge**

Polk County District Court
File No. 60-CV-13-1046

Alexander F. Reichert, Reichert Law Office, Grand Forks, North Dakota (for appellant)

Daniel J. Supalla, John M. Degnan, Diane B. Bratvold, Briggs & Morgan, P.A., Minneapolis, Minnesota (for repsondents)

Considered and decided by Hooten, Presiding Judge; Smith, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's dismissal of appellant's dental-malpractice action because the district court did not abuse its discretion by determining that the replacement expert appellant identified lacked qualifications to testify as to causation.

## FACTS

On November 29, 2011, appellant Curtis Anderson served respondent Bradley Donabauer, D.D.S. with a complaint, alleging dental malpractice. Specifically, Anderson alleged that, while conducting a tooth extraction four years earlier, Donabauer had failed to prescribe an antibiotic, and, as a result, Anderson contracted meningitis. Anderson's counsel submitted an affidavit from Dr. John Williams, a general-practice and forensic dentist, attesting that "the standard of care is to prescribe antibiotics every time you extract a tooth" and that the failure to prescribe one in Anderson's case "ultimately culminated into streptococcus agalactiae meningitis."

Dr. Williams died on July 8, 2012. On November 16, 2012, Donabauer's counsel sent a letter to Anderson's counsel, informing him that Dr. Williams had died and, in any event, had lacked qualifications to opine on causation. The letter invited Anderson to identify another expert but claimed that the replacement expert must have the same qualifications as Dr. Williams.

On May 23, 2013, Donabauer moved the district court to dismiss Anderson's suit, arguing that, because Dr. Williams had died and because Dr. Williams had lacked qualifications as an expert on infectious diseases, Anderson had failed to identify an

expert who could provide testimony regarding causation. The memorandum supporting the motion argued that, "even if [Anderson] was allowed to replace Dr. Williams with a new qualified general practice dentist . . . this would not remedy the fatal defect in [his] case" because "[a] general practice dentist, like Dr. Williams, does not have the qualifications or experience to outline . . . the chain of causation between the violation of the standard of care and plaintiff's damages."

On September 12, 2013, Anderson served Donabauer's counsel with an affidavit from a replacement expert, Dr. Phillip R. Devore. Dr. Devore stated that he had been a general dentist since 1980, had served as a consultant for more than 1,600 dentists, and had lectured in dentistry courses at two universities. Dr. Devore opined that, based on his review of Anderson's medical records, Donabauer's failure to prescribe antibiotics after performing Anderson's tooth extraction "likely caused" his meningitis infection. Dr. Devore also cited "medical records" from "several treating physicians" that he said supported the claim that "the meningitis stemmed from a dental infection."

The district court held a hearing on October 14, 2013. On January 10, 2014, it granted Donabauer's motion to dismiss, ruling that, under Minn. Stat. § 145.682, subd. 2 (2012), Dr. Devore's affidavit was untimely, and that Anderson had failed to show good cause or excusable neglect warranting an extension of the deadline for filing the affidavit. It also found that, even if Dr. Devore's affidavit had been timely, Dr. Devore lacked qualification as an infectious-disease specialist as required by Minn. Stat. § 145.682, subd. 4 (2012) to "give an expert opinion on the transmission or prevention of meningitis." It further held that, even if Dr. Devore were qualified, his "affidavit is

3

deficient because it does not detail the chain of causation between Anderson's tooth extraction and the development of meningitis," containing instead only "broad conclusory statements that Donabauer's failure to prescribe an antibiotic caused Anderson to develop meningitis."

## DECISION

Anderson argues that the district court erred both by finding that Dr. Devore's affidavit was untimely and that Dr. Devore lacked qualifications to testify as to causation. We need not address the timeliness issue because, even if we assume that Dr. Devore's affidavit was timely, Dr. Devore's affidavit fails to state the qualifications necessary to testify as to causation and the chain of causation.

Section 145.682 of the Minnesota Statues requires medical-malpractice plaintiffs to disclose "specific details concerning their experts' expected testimony, including the applicable standard of care, the acts or omissions that plaintiffs allege violated the standard of care, and an outline of the chain of causation between the violation [of] the standard of care and the plaintiff's damages." *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572, 577 (Minn. 1999) (quotation omitted). It also requires that an expert affidavit demonstrate that the expert possesses qualifications sufficient to "provide a reasonable expectation that the expert's opinions could be admissible at trial" and state "the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Minn. Stat. § 145.682, subds. 3(a), 4(a) (2012). The purpose of these requirements is "to dismiss meritless claims at an early stage of litigation," *Mercer v. Andersen*, 715 N.W.2d 114, 122 (Minn. App. 2006),

by providing the district court with information to assess the merits of a medical-malpractice case immediately after it is filed, *see Lindberg*, 599 N.W.2d at 578 (stating that the statute "is the legislative choice to implement the policy of eliminating frivolous medical malpractice lawsuits by dismissal"). Dismissal is mandatory when an expert affidavit is deficient and the deficiencies are not corrected within 45 days of a motion to dismiss. Minn. Stat. § 145.682, subd. 6(c) (2012).

The district court held that, as a general dentist without specific expertise in infectious diseases, Dr. Devore lacked sufficient qualifications to opine on whether Anderson's meningitis was caused by Donabauer's failure to prescribe antibiotics. We review a district court's determination of an expert's qualifications under section 145.682 for an abuse of discretion. *Teffeteller v. Univ. of Minn.*, 645 N.W.2d 420, 427 (Minn. 2002). To be qualified to offer an expert opinion on a medical matter, a witness must possess "both sufficient scientific knowledge of and some practical experience with the subject matter of the offered testimony." *Cornfeldt v. Tongen*, 262 N.W.2d 684, 692 (Minn. 1977). Although Dr. Devore undoubtedly possessed extensive knowledge of and experience with tooth extractions, nothing in his stated qualifications revealed experience with post-extraction meningitis. This rendered his affidavit insufficient under section 145.682.[1] *Cf. Teffeteller*, 645 N.W.2d at 426-28 (holding that a doctor's "extensive

---

[1] The district court also compared Dr. Devore's statements with those of an expert submitted by Donabauer, concluding that Donabauer's expert's testimony "completely rebuts" Dr. Devore's opinion. Although it does not affect our conclusion in this appeal, we note that the district court should not have considered the statements of opposing experts when assessing the sufficiency of Anderson's expert's affidavit. *See Demgen v. Fairview Hosp.*, 621 N.W.2d 259, 266 (Minn. App. 2001) ("*There is nothing* in Minn.

experience in general pediatrics" did not qualify him to submit an affidavit alleging that the appropriate standard of care was violated in a pediatric bone-marrow-transplant case).

Even if he was qualified, Dr. Devore's affidavit failed to sufficiently state causation. To be sufficient to survive a motion to dismiss under section 145.682, expert affidavits must "outline the chain of causation that allegedly resulted in damage." *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 193 (Minn. 1990). Dr. Devore's affidavit addressed causation only briefly, stating generally that Donabauer's failure to prescribe antibiotics "likely caused" Anderson's meningitis. This conclusory statement is inadequate to meet the statutory requirement. *See Teffeteller*, 645 N.W.2d at 429 (holding that "broad, conclusory statements regarding causation [that] fail[] to set forth the chain of causation" do not meet the requirements of section 145.682). We therefore conclude that the district court did not abuse its discretion by dismissing Anderson's suit.

**Affirmed.**

---

Stat. § 145.682 that suggests district courts are to use defendant's rebuttal affidavits . . . to judge the sufficiency of a plaintiff's expert affidavit." (emphasis in original)), *review denied* (Minn. Apr. 17, 2001).